Nash, J.
By an act passed in 1846, ch 100, sec. 3 and 4, commissioners were appointed “to view, lay ofF and improve the State. Road from Alexander Church’s to Payton Colvert’s.” The 4 th section provides, “that before they shall enter upon their duties as Commissioners, they shall *279 take an oath, before some justice of the peace for the County of Wilkes, t.o view and lay off the road the best and most convenient way, having strict regard to private property as well as to the public good, and shall assess all damages, &c., and shall report the same to Wilkes County Court, &c.; and the said commissioners shall appoint an overseer and allot him the hands necessary to open the said road, &c., and the hands so allotted him shall be subject to the same fines, as in other cases is now provided by law.” Under this act the commissioners proceeded to view and lay off the road, as directed, appointed the plain-tiffoverseer, and allotted him the necessary hands, among whom was the defendant, to open the road. This action was brought by warrant to recover from the defendant the sum of four dollars, the fine imposed by law for refusing to work as a hand in opening the road. The defendant had been duly summoned. To support his action, the plaintiff produced in evidence two papers, purporting to be reports, made to the County Court of Wilkes, of the laying off the road and the assessment of damages. Several objections were made to the plaintiff’s recovery. ]f, is deemed necessary to examine but one. It no where appears in the proceedings, that the commissioners were sworn. The act requires, that, before they enter on their duties they shall be sworn. This is required, as well in justice to the persons, whose interests may be affected by the location of the road, as to the public. It is said, that we cannot look beyond the action of the commissioners. If any action of the County Court had been required upon the return made by them, it might well be questioned, whether we could look behind it; but, here, nothing is to be done by that tribunal, but to order the payment of the damages assessed, They are not required to record the proceedings of the commissioners. We are not only at liberty, therefore, to look into these proceedings, to see that they are regular and according as the law di* *280 rects, but it is our duty to do so. We cannot, otherwise, ascertain the liability of the defendant to work on the road in opening it. The commissioners, under the act, have limited and special powers; and it must appear, that all has been done by them, which is required before their acts can be legal and valid. The taking of the required oath is a condition to their entering upon the discharge of their duties. This not appearing is as if it did not exist.
Pee Curiam. Judgment affirmed.